IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN EUGENE PAYNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ALLEGIANCE INDUSTRIES and )<br>STRATFORD ACADEMY, )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION NO. 5:25-cv-421 (MTT) |

## ORDER

Defendants, Allegiance Industries and Stratford Academy, move to dismiss Plaintiff Jonathan Payne's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendants' motions, the following notice is given. If Plaintiff wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1]

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] The Clerk is **DIRECTED** to mail copies of the motions to dismiss (ECF 4, 5) to Plaintiff at his last-known address. Thereafter, all notices or other papers may be served on Plaintiff directly by mail at his last-known address.

(2007)). A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (cleaned up). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation modified). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

Defendants' motions to dismiss allege there are certain deficiencies in Plaintiff's complaint. In some situations, deficiencies in a complaint may be cured with a more carefully drafted complaint. Under Fed. R. Civ. P. 15(a)(1)(B), a plaintiff "may amend its pleadings once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . ." If Plaintiff thinks, based on Defendants' motions to dismiss, that a more carefully drafted complaint or more specific allegations would state a claim, he has twenty-one days to amend his complaint. Plaintiff should be aware that a dismissal

could prevent him from re-filing his claims if the running of the applicable statute of limitations would bar further litigation. *See Brennan c. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 946 n.4 (11th Cir. 2015). Plaintiff should, therefore, take the opportunity to amend his complaint to cure, if possible, the deficiencies addressed in Defendants' motions.

In addition, claims filed under Title VII or the Genetic Information Nondiscrimination Act must be filed within ninety days of Plaintiff's receipt of a right-to-sue letter from the EEOC. *See Walker v. Peach*, No. 7:22-CV-67, 2022 WL 4232527, at *2 (M.D. Ga. Aug. 11, 2022). This ninety-day limitations period begins to run "upon actual receipt" of the EEOC right-to-sue letter. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). Filing within the ninety-day period is a condition precedent subject to equitable tolling or waiver, rather than a jurisdictional bar. *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525-26 (11th Cir. 1983). Once the defendant contests whether the plaintiff filed his complaint within ninety days of receipt of the EEOC's right-to-sue notice, "the plaintiff has the burden of establishing that he met the ninety[-]day filing requirement." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002).

If Plaintiff does not timely respond to the motion to dismiss, the Court may dismiss his claims against Defendants. Under the procedures and policies of this Court, motions to dismiss are normally decided on the briefs. However, if the defendant has alleged that the plaintiff's claims should be dismissed for failure to exhaust administrative remedies, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide

the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014). In other words, this is Plaintiff's opportunity to "develop the record" in response to Defendants' motions to dismiss for failure to exhaust. *Id*. Thus, Plaintiff may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

Finally, Plaintiff may submit his argument to this Court by filing a brief in opposition to the Defendants' motions. Unless the Court has granted prior permission, any brief should not exceed twenty pages. M.D. Ga. L.R. 7.4.

**SO ORDERED**, this 7th day of November, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT