**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| JONATHAN EUGENE PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:25-cv-421 (MTT) |
| | ) | |
| | ) | |
| ALLEGIANCE INDUSTRIES, INC. and | ) | |
| STRATFORD ACADEMY,[1] | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Before the Court are Defendants' motions to dismiss Plaintiff Jonathan Payne's

*pro se* complaint. ECF 4, 5. For the reasons explained below, Defendants' motions are

**GRANTED**.

### I.  BACKGROUND[2]

As best the Court can tell, Payne was employed as a cleaning technician by

Allegiance Industries, Inc. ("Allegiance"). ECF 9 at 1. Stratford Academy was his

worksite. *Id.* On May 29, 2024, Stratford's Director of Security, Lance Randall, allegedly

accused Payne of "having a disease while I was at work." ECF 1-3 at 1. Payne

responded by telling Randall to carry on and to stop bothering him. *Id.* Payne then left

---

[1] Payne named "Allegiance Industries" as a defendant in this case, but the correct name is "Allegiance Industries, Inc." *See* ECF 4.

[2] The Court takes the following facts from the well-pleaded allegations in the complaint and its attachments, construing all reasonable inferences in the light most favorable to the plaintiff. *See FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011). The Court informed Payne that in response to Defendants' motions to dismiss, he could amend his complaint. ECF 8 at 2–3. One of Payne's response briefs has a heading titled "Statement of Claim." ECF 9 at 1. Although it is not clear that Payne is attempting to recast his complaint, out of an abundance of caution, the Court will address the factual allegations in Payne's response that could have any bearing on his claims.

the area to report Randall's comments to a supervisor and to explain that he was not

comfortable with Randall speaking to him. *Id.* When Payne returned to his work, Randall

and another man, who was "Secondary Security," confronted Payne. *Id.* They told

Payne that he must leave campus because of the comments he made to Randall. *Id.*

They also told him they would use non-lethal force if he refused to leave. *Id.* Allegiance

terminated Payne's employment that day. *Id.*

Payne asserts employment discrimination claims against Allegiance and

Stratford Academy under the Genetic Information Nondiscrimination Act ("GINA"). ECF

1 at 3–4. Although Payne checked the Title VII box in his form complaint as a basis for

jurisdiction, he does not allege any facts to support a Title VII claim. *Id.* at 3.

## II.  STANDARD

To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient

factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). A claim is facially plausible when "the court [can] draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations that are

merely consistent with a defendant's liability fall short of being facially plausible."

*Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and

the reasonable inferences therefrom are construed in the light most favorable to the

plaintiff." *FindWhat Inv'r Grp.*, 658 F.3d at 1296 (quoting *Garfield v. NDC Health Corp.*,

466 F.3d 1255, 1261 (11th Cir. 2006)). But "conclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent

dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Moreover, pleadings by *pro se* litigants "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## III. DISCUSSION

### A. Title VII

Title VII makes it unlawful for a covered employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Court questions whether Payne intends to raise a Title VII claim. On Payne's form complaint, Payne checked a box indicating the Court has jurisdiction because Payne seeks relief under Title VII. *See* ECF 1 at 3. But later, Payne checked a box indicating he seeks relief for discrimination based on "disability or perceived disability," which he specified was his "Genetic Information." *Id.* at 4. To the extent Payne intends to assert a Title VII claim, the complaint fails to plausibly allege one. Nowhere does Payne allege, or even argue, that Defendants discriminated against him on the basis of a characteristic protected by Title VII. He does not mention

any characteristics protected under Title VII in his EEOC charge,[3] and although Defendants move to dismiss based, in part, on Payne's failure to plausibly allege a Title VII claim, Payne's response briefs do not identify any basis for seeking relief under Title VII. ECF 9, 10. Nor can the Court discern any legal or factual basis for a Title VII claim. If Payne intended to assert a Title VII claim against Stratford, that claim must be dismissed for an additional reason—Stratford is not Payne's employer. Consequently, to the extent Payne attempts to raise a Title VII claim, that claim is **DISMISSED** without prejudice.[4]

## B. Genetic Information Nondiscrimination Act

Defendants also move to dismiss Payne's claims under GINA.[5] GINA prohibits employers from discriminating against an employee based on his genetic information. 42 U.S.C. § 2000ff-1. GINA defines genetic information as "information about (i) such individual's genetic tests, (ii) the genetic tests of family members of such

---

[3] Defendants also argue Payne has failed to exhaust his administrative remedies because he did not file a complaint with EEOC concerning a Title VII claim. ECF 4-1 at 5, ECF 5 at 1–2. Payne does not respond this argument. ECF 9, 10. A "'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination,' but 'the scope of an EEOC complaint should not be strictly interpreted.'" *Hicks-Washington v. Hous. Auth. of City of Fort Lauderdale*, 803 F. App'x 295, 301 (11th Cir. 2020) (quoting *Gregory v. Georgia Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004)). Because Payne's EEOC charge, attached to his complaint, does not relate to a characteristic protected under Title VII, this claim is also due to be dismissed for failure to exhaust administrative remedies. *See* ECF 1-3.

[4] Allegiance terminated Payne's employment on May 29, 2024. ECF 1 at 4. Because the applicable deadline for filing a Title VII charge with the EEOC has passed, this dismissal is likely, in effect, with prejudice.

[5] Defendants initially argued that Payne filed his complaint one day late. *See* ECF 4-1 at 4–5; ECF 5 at 1. The complaint states that Payne received a Notice of Right to Sue letter on July 1, 2025. ECF 1 at 5. Payne clarified in a response brief that he received a Notice of Right to Sue letter on July 4, 2025, and thus, he filed this suit within the applicable ninety-day deadline. ECF 9 at 1. Allegiance acknowledges Payne's response is likely enough for Payne to show timeliness for the purpose of surviving Defendants' motions to dismiss on this ground. ECF 12 at 2. The Court is, at this time, satisfied that Payne filed his complaint within the ninety-day deadline.

individual, and (iii) the manifestation of a disease or disorder in family members of such individual." *Id.* § 2000ff(4).

Payne does not plausibly allege discrimination under GINA. Nowhere does Payne allege or assert that Defendants were aware of Payne's genetic tests, the genetic tests of his family members, or the manifestation of a disease or disorder in his family members. See ECF 1, 9, 10. Payne says when Randall approached him for the second time, Payne told Randall, he "was being treated unfairly over a disease," and Randall responded that "he doesn't have that disease and he tried to respect [Payne]." ECF 9 at 1. Payne asserts, "Rand[all] obviously knows more about my health than I do. If the Director of Security knew this, Stratford Academy and Allegiance also have known." *Id.* Payne also attaches pictures of signage concerning workplace sanitary practices that he says were only posted in the Science Building, where he started his daily custodial routine. ECF 9-1 at 7–8. But these factual assertions do not plausibly allege that Defendants discriminated against Payne on the basis of a disease, much less on genetic information. Further, "[d]iscrimination based on a condition, as opposed to 'genetic information,' is not covered by GINA." *Jacobs v. Donnelly Commc'ns*, 2013 WL 5436682, at *2 (N.D. Ga. Sept. 27, 2013) (explaining why a claim of discrimination on the basis of allergies did not state a claim under GINA).[6] In short, Payne does not allege discrimination "because of genetic information with respect to [Payne]."[7] 42 U.S.C. § 2000ff-1(a)(1).

---

[6] Payne also states, "I was harassed and terminated over Genetic Information. It doesn't have to be me it can be a [f]amily member." ECF 9 at 1; *see also* ECF 10 at 1. To be clear, Payne states no facts in his complaint, attachments, or briefing, suggesting Defendants discriminated against him based on a relative's genetic information.

[7] Again, because Stratford was not Payne's employer, his GINA claim against Stratford is dismissed for that additional reason.

-6-

Accordingly, Payne's GINA claim is **DISMISSED** without prejudice.

## IV.  CONCLUSION

Defendants' motions to dismiss (ECF 4, 5) are **GRANTED**. The complaint is

**DISMISSED** without prejudice.

      **SO ORDERED**, this 27th day of March, 2026.


                  S/ Marc T. Treadwell
                  MARC T. TREADWELL, JUDGE
                  UNITED STATES DISTRICT COURT